[872 NE2d 247, 840 NYS2d 561]

In the Matter of JEAN MARSHALL, Justice of the Cuyler Town Court, Cortland County, Petitioner. STATE COMMISSION ON JUDICIAL CONDUCT, Respondent.

Argued June 7, 2007; decided July 2, 2007

## POINTS OF COUNSEL

*Lawrence H. Knickerbocker,* Cortland, for petitioner. I. Petitioner, Jean Marshall, a Justice of the Cuyler Town Court,

Cortland County, did not violate section 100.1 or section 100.2 (A) of the Rules of the Chief Administrator of the Courts (22 NYCRR) governing judicial conduct. (*Matter of Seiffert,* 65 NY2d 278; *Poster v Poster,* 4 AD3d 145; *Slater v Links at N. Hills,* 262 AD2d 299; *Loughran v Cruickshank,* 8 AD3d 799; *Bellnier v Bellnier,* 158 AD2d 947; *Matter of Quinn v State Commn. on Jud. Conduct,* 54 NY2d 386.) II. The Commission on Judicial Conduct's determined sanction of removal should be rejected and such other sanction as this Court finds fair and just be imposed. (*Matter of Reeves,* 63 NY2d 105; *Matter of Waltemade,* 37 NY2d [a]; *Matter of Kiley,* 74 NY2d 364; *Matter of Blackburne,* 7 NY3d 213; *Matter of Steinberg,* 51 NY2d 74.)

*Robert J. Tembeckjian,* New York City, and *John J. Postel* for respondent. I. The charges against petitioner are clearly established in the record. (*Matter of Spector v State Commn. on Jud. Conduct,* 47 NY2d 462; *Matter of Quinn v State Commn. on Jud. Conduct,* 54 NY2d 386; *Matter of Mogil,* 88 NY2d 749; *Matter of Feinberg,* 5 NY3d 206; *Matter of Sims [State Commn. on Jud. Conduct],* 61 NY2d 349; *Matter of Reeves,* 63 NY2d 105; *Matter of Going,* 97 NY2d 121; *Matter of Collazo [State Commn. on Jud. Conduct],* 91 NY2d 251; *Matter of Kiley,* 74 NY2d 364.) II. Petitioner's egregious misconduct warrants her removal from office. (*Matter of Jones,* 47 NY2d [mmm]; *Matter of Myers,* 67 NY2d 550; *Matter of Steinberg,* 51 NY2d 74; *Matter of Fabrizio,* 65 NY2d 275; *Matter of Gelfand,* 70 NY2d 211; *Matter of Intemann,* 73 NY2d 580; *Matter of Mogil,* 88 NY2d 749; *Matter of Collazo [State Commn. on Jud. Conduct],* 91 NY2d 251.)

## OPINION OF THE COURT

Per Curiam.

By formal written complaint, the State Commission on Judicial Conduct brought two misconduct charges against petitioner Jean Marshall, Justice of the Cuyler Town Court, Cortland County. In charge one, the Commission alleged that petitioner had engaged in improper ex parte communications with the defendants in several building code violation cases and then dismissed the cases in advance of the adjourned dates without providing the prosecutor notice or an opportunity to be heard. Charge two alleged that, during the investigation, petitioner testified falsely at a Commission proceeding and altered her court calendar to conceal the deception. In her answer, petitioner essentially admitted to the conduct alleged in charge one but did not respond to the accusations of false testimony and record alteration.

The Referee designated by the Commission to hear and report found that, as to charge one, petitioner failed to properly perform the duties of her office, but concluded that the Commission failed to prove the allegations of charge two. After its own hearing, the Commission upheld both charges and determined that petitioner should be removed. We agree with the Commission's findings and conclusions, and accept its determined sanction.

Neither the Commission nor this Court is bound to accept the Referee's findings (*see Matter of Reeves*, 63 NY2d 105 [1984]; 22 NYCRR 7000.6 [f] [1] [iii]). In judicial misconduct cases, this Court has the authority to review findings of fact as well as to determine the appropriate sanction (NY Const, art VI, § 22 [d]; *Matter of Sims [State Commn. on Jud. Conduct]*, 61 NY2d 349, 353 [1984]).

The record demonstrates that, on December 29, 2003, petitioner engaged in improper ex parte conversations with three defendants concerning the merits of their cases and told them that they did not have to appear in court that evening, as had been scheduled. Hours later, at the court session, petitioner told the town's attorney and the code enforcement officer that the cases would be adjourned to January 26, 2004, and she wrote that date in her court calendar. Prior to the adjourned date, however, on January 13, 2004, petitioner issued a letter order dismissing the cases sua sponte without providing the town's attorney or code enforcement officer an opportunity to be heard.

When later questioned by the Commission, petitioner repeatedly testified falsely that she had not adjourned the cases. She also used white-out to conceal the adjourned date originally written in her court calendar. We are not persuaded by petitioner's claim that this was merely a routine alteration intended only to update the status of the cases and therefore conclude that both charges should be sustained.

Petitioner's actions violated the high standards of integrity and conduct required of the Judiciary. Although "the use of a Judge's 'lack of candor' as an aggravating circumstance should be approached cautiously to minimize the risk that the investigative process itself will be used to generate more serious sanctions," removal is appropriate "where the Judge who was to be sanctioned gave patently false explanations to the Commission despite contrary objective proof" (*Matter of Kiley*, 74 NY2d 364, 371, 370 [1989]). That is precisely what happened here.

Accordingly, the determined sanction should be accepted, without costs, and Jean Marshall removed from the office of Justice of the Cuyler Town Court, Cortland County.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in per curiam opinion.

Determined sanction accepted, etc.